## Conner v. Matheney, et al.

(Decided   May 8, 1923.)

### Appeal from Trigg Circuit Court.

1. Highways—Only Question, on Motion to Appoint Overseer for Old Highway Not Worked for Years, Held One of Proper Location.—Where a highway had once been lawfully established, and had not been abandoned, but had not been worked for several years, and the location thereof was in dispute, the question for the jury, in contested proceedings for the appointment of an overseer for the road and the assignment of hands thereto, was to determine the location of the old highway as it existed under the order establishing it.

2. Highways—Evidence Held to Sustain Jury's Finding as to Location of Old Highway.—Evidence in proceedings for the appointment of a road overseer for an old highway, the location of which was in dispute, consisting of testimony of witnesses as to the location of that highway, held sufficient, notwithstanding contrary testimony, to sustain the jury's finding as to the location of the highway.

G. P. THOMAS for appellant.

JOHN D. SHAW for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

More than forty (40) years ago the Trigg county court by proper orders established a public highway leading from Pleasant Valley church to Chambers' landing, on the Tennessee river in that county, and appointed an overseer for the road and allotted hands to maintain it.

Thereafter for some years an overseer was appointed to and did superintend the road, and hands were allotted to maintain it. These orders are shown to be a part of the records of the county court. After the year 1876 there does not appear to have been any order appointing a road overseer or allotting hands to this particular road. It is conceded, however, that the road was regularly established as a public highway.

This road runs in part over the lands of appellant Conner. He claims it was abandoned by the public many years ago, while the appellees contend that it was not abandoned but that it has been constantly traveled, though in bad condition. This litigation arose when appellees, Bailey Matheney, et al., gave notice that they would, on the 11th of October, 1920, enter a motion in the Trigg county court for the appointment of an overseer on the road leading from Pleasant Valley church to Chamber's landing, on said road. The motion was made in accordance with the notice. Upon a hearing, after appellant Conner and others had been made parties, the county court made an order appointing an overseer for said road and allotted hands to maintain it. Before this order was entered viewers had been appointed by the court to locate the old public highway, for its proper location was in controversy. The viewers filed a written report. To this report appellant Conner filed exceptions. After the judgment of the county court was entered appointing the overseer and allotting hands Conner appealed to the Trigg circuit court, where a jury trial was had, the question being the proper location of the old highway. Appellant Conner contended that the proper location was not on his land but was on the lands of Denny P. Smith, whose line is nearby. This question was submitted to the jury by proper instructions and the verdict of the jury was in substance that the road as found and reported by the commissioners was the true location of the old public highway, which the court was trying to locate. It was not a proceeding to open or establish a new highway nor to reestablish an old highway, but simply a motion to appoint an overseer and allot hands to take care of and keep up a highway which had been established many years ago. The only question, therefore, was the finding and locating of the old highway, as it existed under the orders of the county court made in the '70's.

The evidence of several witnesses shows that the road as now located is upon the same ground upon which the old road was located and used years ago. While there is evidence to the contrary, the jury was fully justified in finding and returning the verdict upon which the judgment was entered.

Finding no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.