**Pearl VANHOOSE, Appellant,**

**v.**

**J. C. WILLIAMS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 3, 1965.

C. B. Creech, Ashland, for appellant.

Eldon Webb, Ashland, Charles Daniels, Greenup, for appellees.

MOREMEN, Chief Justice.

This is an appeal, granted after motion for an appeal, from a judgment of the Greenup Circuit Court which established a

boundary line between two tracts of land, one owned by appellant and the other by appellees.

The boundary line between the two tracts was a county road, but the road had not been used for thirty to thirty-five years. There remained no physical vestiges by which the roadway could be established on the ground.

Appellant's evidence is based on the testimony given by a civil engineer. The appellees rely on the testimony of various persons who knew where the road had been located. The trial court on his own motion appointed an engineer to make a survey and his decision, to some extent, is based on that survey.

Appellant's principal argument is based upon the contention that his witness, a registered and licensed civil engineer, spent seven days locating the line of the road, while appellees produced only lay witnesses who gave descriptions as to the general location of the road. Appellant has cited to us no cases which hold that the testimony of an expert is so sacrosanct that it may not be overcome by the testimony of competent lay witnesses, particularly in cases where they are testifying concerning physical objects located on the ground. In fact, it is a matter of common knowledge that in surveys, such as the one involved here, the surveyor must rely upon help given by local inhabitants for information such as the designation of a starting point, monuments, et cetera.

The proof in this case furnished the chancellor with a wealth of material upon which to base his finding and we cannot say that it is clearly erroneous. Further, he was assisted by an engineer who furnished additional evidence. We must remark parenthetically that on the motion for appeal, claim was made that no opportunity had been presented to cross-examine or otherwise to interrogate the surveyor. In the brief on this appeal, that ground has been abandoned and appellant no longer argues that the court abused its discretion by appointing a surveyor or in viewing the premises. It was this contention in the motion that was of influence in granting the appeal.

Appellant argues that under KRS 178.050 et sequitur the location of a county road is exclusively vested in the county court and therefore the circuit court has no jurisdiction to locate a county road even in a suit such as this one. The above mentioned statutes deal with the establishment, alteration, or discontinuance of a county road. The power to do these things is vested in the county court—but no attempt is made here to close, change or construct a county road. The purpose of the suit is to determine a property line between two tracts of land and is in the nature of a suit to quiet title Such action is within the jurisdiction of the circuit court. See Conner v. Matheney, 200 Ky. 86, 254 S.W. 433. To hold otherwise would be to say that the circuit court is without jurisdiction to quiet title when the boundary of a tract of land is marked by a public road.

Judgment affirmed.